No. 29,783.

M. H. HEATHERMAN, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF KINGMAN et al., *Appellees*.

(296 Pac. 707.)

Opinion filed March 7, 1931.

*John McKenna,* of Kingman, for the appellant.

*Paul R. Wunsch,* county attorney, and *S. S. Alexander,* of Kingman, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This was an action for mandatory injunction to compel the board of county commissioners of Kingman county and the highway commissioners of Union and Ninnescah townships in that county to repair a mile of road and maintain it in passable condition. There was judgment partly for plaintiff and partly for defendants. Subsequently the plaintiff filed an affidavit of breach of injunction against all defendants. This affidavit was treated as an accusation in ·contempt and was dismissed by the court on its own motion when it came on to be heard. Plaintiff appeals from that order of dismissal.

The facts are that plaintiff filed an action for a mandatory injunction against the board of county commissioners of Kingman county and the highway commissioners of Union and Ninnescah townships to compel them to fix, maintain and keep in passable condition a certain mile of roadway in that county.

The application was heard by the court, and extensive findings of fact and conclusions of law were made. The hearing extended over several days. The final outcome of that action was that the court ordered defendants to keep part of the road in question in a passable condition, and held that as to the other part the plaintiff

had no right to maintain the suit. This order was entered by the court on April 6, 1929.

On June 24, 1929, appellant filed an affidavit of breach of injunction, in which, after formal references to the original order, he stated:

"That said defendants, and each and all of them, failed, neglected and refused, and still fail, neglect and refuse to make or place said public highway at said point in a reasonable and suitable condition for travel thereon; that they have at no time since the rendition of said judgment placed said highway in a reasonable or suitable condition for travel thereon, and that no proceeding has, ever since the rendition of said judgment, been instituted for the vacation of said public highway.

"Wherefore, plaintiff prays that said defendants and each of them be required to comply with said judgment and orders of said court."

Defendants all waived the issuance of citations and the filing of written accusations. The county engineer, the board of county commissioners and the highway commissioners of both townships filed detailed answers stating what had been done, what the conditions were and giving reasons why more had not been done.

The part of the road which defendants were ordered to keep in repair was crossed by a ravine, an old channel, a new channel, a railroad, and another ravine. There was a question about an old bridge that had been washed out. The officers apparently had decided that the situation could be met by providing for a ford across the stream instead of a bridge. There was some dispute between the officers as to what should be done by their respective townships and the county. The court was familiar with all of these facts, since the original suit had been heard only about two months previously, and had consumed several days. He also had an opportunity to read the several answers to the affidavit. The affidavit only stated conclusions. On the day set for hearing the court requested the appellant to make the affidavit more definite and to set forth specifically wherein the defendants and all of them had failed to comply with the order of the court. This appellant failed to do. Thereupon the court made the following journal entry:

"And thereupon, upon argument of said motions by plaintiff, the court requested the said affidavit of breach of injunction, heretofore filed herein by said plaintiff, on June 24, 1929, and to which said affidavit of breach of injunction the said defendants were required by the court to make answer, and upon inspecting the said affidavit of breach of injunction the court,

upon its own motion, finds that said affidavit of breach of injunction is insufficient to sustain a judgment of contempt of court and that the same should be dismissed."

From this order appellant appealed. Was this order an abuse of discretion?

It would be hard to conceive of a situation where the court would have any more reason to insist the pleading be more definite. At the trial several days had been consumed in hearing evidence as to the condition of the road and the difficulties attendant upon keeping it in passable condition. It was a particularly difficult piece of road in that respect. The court could see from the answers of all the officers interested that a vigorous assertion of an effort in good faith to obey the order of the court would be made. A contempt proceeding is a little different from any other. It is not like a criminal proceeding. It was the duty of the appellant to call the attention of the court to the fact that appellees were not showing the proper respect for its orders. The moving party in a contempt proceeding does not bear the same relation to it that the prosecuting attorney does to a criminal case.

In this situation, what more natural than for the court to request the moving party in the matter to make his accusation more specific? Appellant makes much of the fact that appellee had not made any motion attacking the indefiniteness of the affidavit. He argues that since this had not been done, it was not proper for the court to dismiss the proceeding on that account on his own motion. The point is not good. It was the court upon which the duty rested to pass on the merits of the proceeding. The fact that counsel had not seen fit to file a motion calling the defects in the accusation to the attention of the court did not compel the court to hear a proceeding asking him to punish for violation of its own order when it could see by reading the affidavit that it would not be able to base a judgment of contempt thereon.

The judgment of the lower court is affirmed.